**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LONNIE THOMPSON, | ) | CASE NO. 4:16cv1926 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JAMES KLINE, D.O., et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Lonnie Thompson filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Physician James Kline, D.O. ("Kline"), TCI Health Services Administrator Ms. G. Lewis ("Lewis"), Ohio Department of Rehabilitation and Correction ("ODRC") Healthcare Chief Stuart Hudson ("Hudson"), and ODRC Director Gary Mohr ("Mohr"). In the complaint, plaintiff alleges that Kline is not providing him with his preferred pain medication, and that the defendants are deliberately indifferent to his medical conditions and willfully negligent in his medical care.

**A. Background**

Plaintiff alleges that he suffers from multiple spinal conditions, including degenerative disc disease and arthritis in his spine. He contends he also had a gunshot wound to his neck, which causes him pain, headaches, and muscle fatigue. Kline has treated him for the past two and a half years.

In January 2016, Dr. Kline did not renew Plaintiff's prescription for the pain medication, Ultram,[1] and instead instructed Plaintiff to use over-the-counter medications. Kline gave him a ten-day prescription in May 2016 when he had a court appearance, but then discontinued the medication. Plaintiff appealed the decision to Lewis, but she would not override Kline's treatment plan. Plaintiff sent a letter to Hudson asking him to intervene, but Hudson did not respond. He seeks an order from this Court requiring his physicians to provide him with Ultram, as well as physical therapy. He also requests an award of monetary damages for pain and suffering. (Doc. No. 1 (Complaint) at 4-7.[2])

**B. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if, even when liberally construed, the action fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.

---

[1] Ultram, also known as Tramadol, is a narcotic-like pain reliever, which can be addictive even at regular doses. *See* https://www.drugs.com/ultram.html.

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

*Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**C. Analysis**

Plaintiff claims defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811

(1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984)).

The Eighth Amendment, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences and services of a good hotel[,]" *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). *See Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999) (quoting *Harris*, 839 F. 2d at 1235).

In *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment, which consists of both objective and subjective components. A plaintiff must first plead facts which, if true, objectively establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id*. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. Deliberate indifference to a prisoner's serious illness or injury is sufficient to establish the subjective element—an express intent to inflict unnecessary pain is not required. *See Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (citing *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). An ordinary lack of due care, however, is not sufficient to establish the

subjective element of an Eighth Amendment violation. *Id*. (citing *Estelle*, 429 U.S at 105-06). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *See Farmer*, 511 U.S. at 834.

To establish an Eighth Amendment violation regarding medical treatment, an inmate must show that: 1) he was suffering from a "serious" medical need; and 2) the prison officials were "deliberately indifferent" to that serious medical need. *Id*. The level of medical care that must be provided to incarcerated offenders under the Eighth Amendment is not unlimited. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585, at * 1 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Furthermore, a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to an Eighth Amendment claim. *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir. 1976)).

In this case, plaintiff disagrees with his doctor's choice of medication. Plaintiff wants to be prescribed Ultram for pain relief. His physician made the decision to discontinue that medication in favor of other medications. Plaintiff claims those medications are not as effective as Ultram at relieving his pain. The Eighth Amendment does not guarantee Plaintiff the medication of his choosing. This is a difference of medical opinion between plaintiff and his

physician regarding treatment does not constitute an Eighth Amendment violation. In addition, plaintiff requests physical therapy, but he does not indicate that a physician recommended physical therapy for his condition. He fails to state a claim for relief under the Eighth Amendment against Kline.

Furthermore, plaintiff cannot pursue an Eighth Amendment claim, as written, against Lewis, Hudson or Mohr. Plaintiff has not alleged sufficient facts to suggest that Lewis, Hudson, or Mohr were personally involved in the decision to deny his choice of medication. He contends he filed grievances with Lewis and Hudson, but did not receive the desired response. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *See Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). Gary Mohr appears to be named as a defendant simply because he is the ODRC Director. For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with the employer's official policy or custom or the employer must have personally encouraged the specific misconduct or in some way directly participated in it. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91, 98 S. Ct. 201856 L. Ed. 2d 611 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Plaintiff does not cite to a specific policy or custom that may have violated his constitutional rights, and does not allege Mohr was personally involved in his medical care.

**D. Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 5, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**