# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE THOMPSON, | ) | CASE NO. 4:16cv1926 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| JAMES KLINE, D.O., et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are the motions of plaintiff Lonnie Thompson ("plaintiff" or "Thompson") to alter or amend judgment pursuant to Federal Civil Procedure Rule 59(e) (Doc. No. 6),[1] for leave to amend and supplement the original complaint (Doc. No. 10), and motion to stay dismissal (Doc. No. 11). Plaintiff contends that the Court did not properly consider his claim, and asks the Court to vacate its memorandum of opinion and order dismissing his case on October 5, 2016 (Doc. Nos. 4 ["MOO"] and 5), and permit him to file an amended complaint to clarify his claim.

For the reasons set forth below, the Motion to Correct Filing Pursuant to Applicable FRCVP (Doc. No. 8) is GRANTED, and the Motion to Alter or Amend Judgment (Doc. No. 6), Motion for Leave to Amend Complaint (Doc. No. 10) and Motion to Stay Dismissal (Doc. No. 11), are DENIED.

---

[1] By way of motion, plaintiff seeks to correct an incorrect citation to the authority through which he seeks to have the Court alter or amend his judgment from FRAP 59(e) to FRCVP 59(c). Plaintiff's motion to correct the filing (Doc. No. 8) is granted.

**I. Background**

The Court has previously set forth the factual background of this case in the memorandum opinion and order for which plaintiff seeks reconsideration. Nevertheless, the Court will briefly summarize the facts and its prior opinion here.

Plaintiff alleges that he suffers from degenerative disc disease and arthritis in his spine. He contends he also had a gunshot wound to his neck, which causes him pain, headaches, and muscle fatigue. Dr. Kline ("Kline") has treated him for these conditions at the Trumbull Correctional Institution for the past two and a half years. In January 2016, Kline did not renew plaintiff's prescription for the pain medication, Ultram, and instead instructed plaintiff to use over-the-counter medications. Kline did give plaintiff a ten-day prescription in May 2016 when he had a court appearance, but then took plaintiff off the medication. Plaintiff filed this action claiming the defendants were deliberately indifferent to his serious medical needs, and asking this Court to order his physicians to prescribe Ultram and physical therapy. He also sought damages for pain and suffering.

On October 5, 2016, the Court issued its memorandum of opinion and order dismissing the case. Specifically, the Court stated that plaintiff's claim was really one of a difference of opinion with his physicians regarding treatment and those types of claims do not give rise to an Eighth Amendment claim. (*See discussion and cases cited in* MOO at 54.[2]) There is a difference between claims of medical malpractice and claims for cruel and unusual punishment under the United States Constitution. In cases like this one, where medical personnel are treating the prisoner, and the

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

dispute is over the adequacy of treatment, federal courts are reluctant to second guess a doctor's medical judgment and to constitutionalize claims that, if at all, arise under state tort law. *Id.*

A physician's treatment plan will only rise to the level of a constitutional violation if it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002) (quoting *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989)). That is a very high standard to meet. To state a constitutional claim, plaintiff must allege facts that suggest his physician's treatment plan is so grossly inadequate that a reasonable doctor could not conclude that defendant's actions were lawful. *Id*. Plaintiff's allegations did not rise to the level of an Eighth Amendment violation. (MOO at 54-55.)

Plaintiff has now filed a Motion to Alter or Amend Judgment under Federal Civil Procedure Rule 59(e). He continues to allege that the medications he is currently taking are not as effective at controlling his pain as the Ultram and Gabapentin. Plaintiff contends his medical conditions generate nerve pain that can only be controlled with a specific class of drugs, not the anti-inflammatory medications his physician has prescribed. Thompson asks the Court to reinstate his case, "so that he can receive rational, reasonable and appropriate pain management . . . ." (Doc. No. 6 at 60-61.)

**II. Discussion**

   **A. Standard of Review**

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Such a motion is extraordinary and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (citation omitted). A court may grant a motion to alter or amend judgment only if there was

"(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A Rule 59(e) motion is not an opportunity to re-argue the case, nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

### B. Analysis

Plaintiff's motion does not present any new arguments and does not provide a basis for relief under Rule 59(e). Thompson continues to allege that the medications his doctor has ordered do not manage his pain, and that he requires Ultram or a similar class of medications. As before, plaintiff's allegations suggest, at best, a difference of opinion regarding his treatment, and do not rise to the level of a constitutional violation. This does not suggest that the treatment plan provided by Kline is the best available. The Court offers no opinion on whether plaintiff may or may not have a viable medical malpractice claim based on the treatment he is receiving. That said, plaintiff has not alleged sufficient facts to suggest his treatment is so grossly incompetent that it shocks the conscience or is intolerable to fundamental fairness. *Terrance*, 286 F.3d at 844. Plaintiff has not established grounds for relief under Rule 59(e), and his motion must be denied.

Furthermore, plaintiff's proposed amendments to his complaint simply restate the claims and arguments already considered by the Court and would be dismissed for the same reasons that the Court dismissed the original complaint, rendering the amendment futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000) (a motion to amend may be denied if allowing the proposed amendment would be futile). Moreover, the Court did not grant the Rule 59(e) motion, the case remains closed, and plaintiff has not presented any new claim upon which he

4

could plausibly proceed to justify reopening the case. Thus, the motion for leave to amend the complaint and motion to stay dismissal are denied.

### III. Conclusion

For all the foregoing reasons, plaintiff's Motion to Alter or Amend Judgment (Doc. No. 6), Motion for Leave to Amend and Supplement the Original Complaint (Doc. No. 10), and Motion to Stay Dismissal (Doc. No. 11) are **DENIED**. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 29, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**